## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

REMUS BELL,                              :
     Plaintiffs,                     :
                                     :                    :
       v.                          :      CASE NO.: 7:22-CV-000133 (WLS)
                                     :
ANTHONY WOODS,                           :
BUDDY MOORE TRUCKING, INC.,              :
& NAT'L CAS. CO.                         :
     Defendants.                     :
_____         :

## **ORDER**

Plaintiff Remus Bell and one of the three Defendants, National Casualty Company (NCC), submitted a Joint Stipulation (Doc. 15) on February 15, 2023. Therein, Plaintiff and Defendant NCC state that they will extend the time for NCC to respond to Plaintiff's written discovery. (*Id.*)

Previously, the Parties sent their first proposed scheduling/discovery order to the Court in mid-January pursuant to the Court's Rules 16/26 Order. (Doc. 4). The Parties' proposed order noted that Defendant NCC had not been served as of January 24, 2023, and that NCC reserved its right to assert all defenses, to file a Motion to Dismiss, and to request revisions to the discovery schedule if and when NCC is served with the lawsuit. (Doc. 5, at 2–3). The Initial Discovery/Scheduling Conference between the Parties and the Court was scheduled to take place on January 31, 2023, at the Albany Courthouse. (*Id.*)

On January 30, 2023, the Parties submitted an Emergency Motion to Continue the Initial Discovery Conference or, in the Alternative, to Appear at the Initial Discovery Conference Telephonically. (Doc 10; Doc. 9). That same day, Plaintiff filed the proofs of service or "summons returned executed" on Defendant NCC. (Doc. 11).

On January 31, 2023, the Court denied the Parties' request to attend the Initial Discovery/Scheduling Conference telephonically, but granted their request to continue the conference. (Doc. 12). Accordingly, the Parties' Initial Discovery/Scheduling Conference has been rescheduled for March 14, 2023, at 3:30 PM, with the deadline for the Parties' new

proposed discovery order reset for March 7, 2023. (Doc. 13). As a result, no scheduling/discovery order is presently in place in this action.

Defendant NCC filed its Answer to the Complaint on February 15, 2023. (Doc. 14). That same day, Defendant NCC filed this instant Joint Stipulation (Doc. 15), notifying the Court that Defendant NCC will have until March 13, 2023, to respond to Plaintiff's First Interrogatories, Plaintiff's First Request for Admissions, and Plaintiff's First Request for Production of Documents. (Doc. 15, at 1).

The Court issues this Order to remind and advise the Parties that although they may generally stipulate to discovery matters and enter into voluntary discovery before the entry of the actual scheduling/discovery order, the Court will not entertain any motion filed by any counsel or Party alleging non-compliance with any such voluntary discovery prior to the entry of the actual scheduling/discovery order, which will be set by the Court after the Initial Discovery Conference on March 14, 2023, at 3:30 PM in the Albany Courthouse. (Doc. 13). As stated in the Court's Rules 16/26 Order (Doc. 13), Parties must send their proposed scheduling order to the Court by March 7, 2023, with their new dates.

**SO ORDERED**, this  22nd  day of February, 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**